UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN ESTIVEN VARGAS-REYNA,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al..<br><br>Respondents. | Case No.:  26cv1662-LL-AHG<br><br>**ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>[ECF No. 8] |

Before the Court is Petitioner Christian Estiven Vargas-Reyna's First Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 8 ("Pet."). Respondents filed a Response [ECF No. 9], and Petitioner filed a Traverse [ECF No. 10]. For the reasons set forth below, the Court **GRANTS** the First Amended Petition.

I.      BACKGROUND

Petitioner is from Honduras and had been living in California when he was arrested and convicted for possession with intent to distribute a controlled substance. Pet. at 3; ECF No. 8-1, Declaration of Christian Vargas-Reyna ("Vargas-Reyna Decl."), ¶¶ 1–2. On February 20, 2025, Petitioner was released from criminal custody directly into immigration custody and has been detained ever since. Pet. at 3; Vargas-Reyna Decl. ¶ 2. On March 12,

1

2026, an immigration judge denied Petitioner's applications withholding of removal and protection under the Convention Against Torture. Pet. at 3; Vargas-Reyna Decl. ¶¶ 3–4. At the time of the filing of this action, Petition was in the process of appealing that decision. Pet. at 3; Vargas-Reyna Decl. ¶ 4.

On April 6, 2026, Petitioner filed the instant First Amended Petition. Pet.

## II.   LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.   DISCUSSION

Petitioner alleges that his prolonged detention of fourteen months without a bond hearing violates the Fifth Amendment's Due Process Clause. Pet. at 5.

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) based on his 2023 criminal conviction. ECF No. 9 at 1. Nevertheless, Respondents concede that in considering prior rulings by courts in this district finding that prolonged detention without a bond hearing violates due process, as well as Petitioner's length of detention, "this Court should order that Petitioner receive an individualized bond hearing before an immigration judge." *Id.* at 1–2.

Therefore, the Court finds that Petitioner's fourteen months of detention without a bond hearing has become unreasonable and due process requires that he be provided with a bond hearing. *See Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect

against the government's arbitrary deprivation of liberty would have thought so."); *Lopez v. Garland*, 631 F. Supp. 3d 870, 877 (E.D. Cal. 2022) (finding that "unreasonably prolonged mandatory detention under 8 U.S.C. § 1226(c) without an individualized bond hearing violates due process"). The Court adopts its reasoning stated in *Abdul Kadir v. Larose*, No. 25CV1045-LL-MMP, 2025 WL 2932654 (S.D. Cal. Oct. 15, 2025), on this issue. *Id.* at *3–6.

Petitioner argues that the Court should order a bond hearing with certain safeguards. Pet. at 8; ECF No. 10.

The Court finds it appropriate for Respondents to provide Petitioner with a bond hearing that includes certain procedural safeguards. At the bond hearing before a neutral immigration judge, Respondents "must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1112 (S.D. Cal. 2025) (citations omitted); *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (noting that due process requires "the government to prove dangerousness or risk of flight by clear and convincing evidence" at a bond hearing for noncitizens subject to prolonged detention (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011))). Immigration courts must make a contemporaneous record of bond hearings, which can be an audio recording. *Martinez*, 124 F.4th at 786 (citing *Singh*, 638 F.3d at 1200). Additionally, if the immigration judge finds that bond is appropriate, then he or she must consider the detainee's financial circumstances and possible alternative release conditions. *Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

Accordingly, the Court **GRANTS** the First Amended Petition.

/ / /

/ / /

/ / /

/ / /

/ / /

26cv1662-LL-AHG

## IV.    CONCLUSION

For the reasons set forth above, the Court **ORDERS**:

1.    Petitioner's First Amended Petition for Writ of Habeas Corpus is **GRANTED**.

2.    Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge within **fourteen (14) days** of the date of this order.

   a.    At the hearing, the government **SHALL BEAR** the burden of establishing by clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.

   b.    The immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate.

   c.    Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel.

3.    The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated:  April 16, 2026

Honorable Linda Lopez
United States District Judge

26cv1662-LL-AHG